JONATHON M. MARK,

                Plaintiff,

v.                                                   Case No. 22-cv-262-pp

JOHN DOE,
*Fond du Lac City Police Officer*,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Jonathon M. Mark, who is incarcerated at the Fond du Lac County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 3, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 3)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

When an incarcerated individual files a complaint and request to proceed without prepaying the filing fee, court staff sends the plaintiff a letter requesting a certified copy of his trust account statement for the six months preceding the filing of the complaint (if he hasn't already filed one). See 28 U.S.C. §1915(a)(2). Once the incarcerated individual submits his trust account statement, the court issues an order assessing an initial partial filing fee. See 28 U.S.C. §1915(b)(1). In this case, court staff did not request a trust account statement from the plaintiff because staff was under the impression that the plaintiff was not incarcerated when he filed the complaint.[1]

The plaintiff filed this case on March 1, 2022; through the court's own error, it did not act sooner to screen the complaint. Because the court caused the delay in screening the complaint, the court will not require the plaintiff to file a trust account statement, nor will it require him to pay an initial partial filing fee. Instead, the court will grant the plaintiff's motion for leave to proceed

---

[1] The complaint stated that the plaintiff "was not incarcerated during the below incident violating his constitutional right." Dkt. No. 1 at 1. The complaint did *not* state that the plaintiff was incarcerated at the time he drafted it (February 20, 2022); the plaintiff wrote at the end of the complaint only an address, "63 Western Ave., Fond du Lac, WI, 54535." Id. at 2. That is, however, the address of the Fond du Lac County Jail. https://www.fdlsheriff.com/jail/jail-information. And the publicly available docket shows that from December 30, 2021 through March 22, 2022, the plaintiff was detained in State v. Mark, Case No. 2021CF001023 (Fond du Lac County Circuit Court), available at https://wcca.wicourts.gov. On October 2, 2023, the court received from the plaintiff a notice stating that his address had changed to 63 Western Avenue in Fond du Lac (again, the address of the jail); the letter was dated September 27, 2023 and had no case number on it. Dkt. No. 6. The notice said the plaintiff had been detained since June 9, 2023. Id.

without prepaying the filing fee and will require him to pay the full filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint alleges that an unidentified Fond du Lac police officer wrongfully stopped, identified and then arrested the plaintiff. Dkt. No. 1. The factual allegations of the complaint state the following:

> The claim is that said officer did not have proper identification of the plaintiff to stop him, by seizing him by the arm, and detain him and eventually arrest him. The only indicative f[ea]ture of the plaintiff was his size and nothing else; as he had his hood up and glasses on, and it was dark and raining out. This happened on February 23, 2019, in the City of Fond du Lac, Wisconsin, and was unreasonable.

Id. at 2. The plaintiff requests $1 in nominal damages and $50,000 in punitive damages. Id.

4

C. <u>Analysis</u>

The plaintiff does not refer to a statute, constitutional right or rule that he believes the officer violated, but he says that the officer's stop was "unreasonable." That sounds like a claim that the officer violated the plaintiff's right under the Fourth Amendment of the Constitution to be free from unreasonable search and seizure. A person who believes that a state actor violated his constitutional (civil) rights may sue under 42 U.S.C. §1983. A law enforcement officer stopping someone generally is considered a seizure and ordinarily requires probable cause to be reasonable. See <u>Dunaway v. New York</u>, 442 U.S. 200, 213 (1979). But under <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), "police officers may briefly detain a person for investigatory purposes based on the less exacting standard of reasonable suspicion that criminal activity is afoot." <u>United States v. Eymann</u>, 962 F.3d 273, 282 (7th Cir. 2020) (citing <u>Terry</u>, 392 U.S. at 21–22). "Reasonable suspicion must account for the totality of the circumstances and requires more than a hunch but less than probable cause and considerably less than preponderance of the evidence." <u>United States v. Reedy</u>, 989 F.3d 548, 552 (7th Cir. 2021) (quotation omitted).

The plaintiff's complaint is sufficient to provide the defendant fair notice that he is bringing a Fourth Amendment claim for an unlawful stop, and the facts on which the plaintiff bases that claim. See <u>Twombly</u>, 550 U.S. at 555. The complaint explains that, on February 23, 2019, a Fond du Lac police officer stopped the plaintiff without reasonable suspicion because "[t]he only indicative f[ea]ture of the plaintiff was his size and nothing else." Dkt. No. 1 at

2. Although the plaintiff has not identified a specific officer, he has described when and where the interaction occurred and identified the law enforcement agency—the Fond du Lac Police Department. See Mancini v. City of Indianapolis, No. 1:16-cv-02048, 2018 WL 4680188, at *8 (S.D. Ind. Sept. 28, 2018) ("Under federal law, a plaintiff may name a fictitious defendant and utilize discovery to learn the defendant's proper identity."). These allegations are sufficient to survive screening; the court will allow the plaintiff to proceed with a claim that the Fond du Lac officer violated his Fourth Amendment right to be free from unlawful seizure.

Because it appears that the plaintiff does not know the name of the defendant he is suing, the court will add City of Fond du Lac Chief of Police Aaron T. Goldstein as a defendant for the limited purpose of helping the plaintiff identify the name of the defendant. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). The court will order the United States Marshals Service to serve Chief Goldstein with the complaint and a copy of this order. Chief Goldstein does not have to respond to the allegations in the complaint. After Chief Goldstein's lawyer files a notice of appearance, the plaintiff may serve discovery upon Chief Goldstein (by mailing it to his attorney at the address in his notice of appearance) for the sole purpose of obtaining information that will help the plaintiff identify the name of the defendant.

For example, the plaintiff may serve Chief Goldstein's lawyer with interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not

stated a claim against Chief Goldstein, the plaintiff must limit his discovery requests to information or documents that will help him learn the real name of the defendant he is suing. The plaintiff must *not* ask Chief Goldstein about any other topic, and Chief Goldstein is under no obligation to respond to requests about any other topic.

After the plaintiff learns the name of the person whom he alleges violated his constitutional rights, he must file a motion to substitute the defendant's real name for the John Doe placeholder. The court will dismiss Chief Goldstein as a defendant once the plaintiff identifies the defendant's name. After the defendant has an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the name of the John Doe defendant within sixty days of Chief Goldstein's attorney filing a notice of appearance. If, by the sixty-day deadline, the plaintiff does not identify the Doe defendant or explain to the court why he is unable to do so, the court may dismiss the case based on the plaintiff's failure to diligently pursue it. See Civil L. R. 41(c) (E.D. Wis.).

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that City of Fond du Lac Police Department Chief of Police Aaron T. Goldstein is named as a defendant for the limited purpose of

7

Case 2:22-cv-00262-PP   Filed 11/17/23   Page 7 of 10   Document 7

helping the plaintiff identify the defendant's name. The court **DIRECTS** the clerk's office to amend the docket accordingly.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on City of Fond du Lac Police Department Chief of Police Aaron T. Goldstein under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that Chief Goldstein is not required to respond to the complaint; however, he must respond to the plaintiff's discovery requests as described in this order.

The court **ORDERS** the plaintiff to identify the real name of the Doe defendant within sixty (60) days of Chief Goldstein's lawyer appearing in the case. If, within sixty (60) days of Chief Goldstein's lawyer filing a notice of appearance, the plaintiff does not file a motion asking the court to substitute the real name of the Doe defendant, or explain to the court why he is unable to identify the Doe defendant's real name, the court may dismiss the plaintiff's case based on his failure to diligently pursue it. See Civil L.R. 41(c) (E.D. Wis.).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the $350 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Fond du Lac County Sheriff.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 17th day of November, 2023.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**